## Affidavit of Jennifer M. Robbins regarding the
## Subpoena for trial testimony to The Honorable Dulce J. Foster

1. My name is Jennifer M. Robbins and I am one of the attorneys representing the Defendants in the matter of *United States v. Dornsbach and Kamida Inc.*, Court File 22-CR-00048-DMT (D. Minn.) (the "Dornsbach Matter").

2. I am over the age of 18 and competent to testify to the matters in this affidavit, which is made based on my personal knowledge.

3. This affidavit is provided in an abundance of caution pursuant to Volume 20 of the Guide to Judiciary Policy and Chapter 8's information regarding testimony of federal judicial personnel (Guide to Judiciary Policy, Vol. 20, Ch. 8, at § 830(a)) even though Defendants do not believe the regulations apply in the circumstances of this matter. Specifically, "testimony" in the regulations is defined as "[a]ny written or oral statement in any form by a witness <u>arising out of the performance of the witness' official duties</u> . . . ." Guide to Judiciary Policy, Vol. 20, Ch. 8, § 810.30 (defining "testimony") (underlining added); *id.* § 810.40 ("Applicability . . . (b) These regulations **do not** apply to: . . . (3) Legal proceedings in which federal judicial personnel are to testify while in leave or off-duty status as to matters that do not arise out of the performance of official duties. (**Note:** These regulations do not seek to deny federal judicial personnel access to the courts as citizens in their private capacities on off-duty duty.)") (bold in original). To be clear, the subpoena to Magistrate Judge Foster does <u>not</u> arise out of the performance of her official duties as a Magistrate Judge. The subpoena, instead,

1

relates only to testimony arising out of Magistrate Judge Foster's work in private practice (as described below) before she became a Magistrate Judge.

4. In its one-count Indictment in the Dornsbach Matter, the government alleges that Defendants Dornsbach and Kamida conspired with Clarence Olson and "others" to rig bids submitted to four alleged victims over the span of approximately five years. Specifically, the government alleges that Defendants submitted rigged bids to (1) the City of Eden Prairie; (2) the City of Plymouth; (3) Eden Prairie Schools; and (4) Wayzata Public Schools with Clarence Olson, "COMPANY A," and "others" between "at least as early as September 2012 and continuing through at least as late as July 2017." (Doc. 1 at ¶ 2-12 of the Dornsbach Matter.)

5. Olson is the only alleged conspirator identified in the Indictment. (*See id.* at ¶ 9 ("Others, not made defendants in this Indictment, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance of the conspiracy.").)

6. While still in private practice at Fredrikson & Byron, P.A., and before becoming a U.S. District Court Magistrate Judge in the District of Minnesota, Magistrate Judge Foster represented Clarence Olson. (*See, e.g.*, **Exhibit 1** (docket from *United States v. Olson*, Court File 21-CR-00172-ECT (D. Minn.) (the "Olson Matter") (showing counsel for Olson); *see also* Doc. 96-2 in the Dornsbach Matter (Hoppe email to Robbins dated 8/22/22) ("Dulce is no longer with the firm, but I have taken over the file from Dulce, and Fredrikson still represents Clarence Olson").)

7. That representation of Olson culminated in an Information against Olson in which the government charged one count of Conspiracy to Restrain Trade under 15 U.S.C. § 1. (Doc. 1 of the Olson Matter.)

8. The following month, the government filed Olson's Plea Agreement and Sentencing Stipulations in which Olson pled guilty to violating 15 U.S.C. § 1 with "COMPANY B" and "INDIVIDUAL B." (Doc. 13 at ¶ 1 in the Olson Matter (capitalization in original).)

9. That same day, September 27, 2021, Olson appeared and pled guilty before Judge Tostrud. (**Exhibit 1**.)

10. The plea agreement confirmed that "Company A" is C. Olson Concrete because it stated that Olson was "employed by COMPANY A" which "engaged in the business of concrete repair and construction." (Doc. 13 at 2, ¶ 2 of the Olson Matter.)

11. At the time of the plea, the Honorable Dulce Foster was representing Olson. (*Id.* at 13 (plea agreement signed by "Dulce J. Foster" as "Counsel for Defendant").)

12. On October 12, 2021, Olson wrote a letter to Judge Tostrud in which he stated that he prepared bids after he "knew that [Defendant Kamida] had already been selected to do the projects, and that [Dornsbach] was asking me to submit a higher bid than his so there would be second bid in the file to meet requirements." (Doc. 49 at ¶ 110 of the Dornsbach Matter.)

13. Olson also acknowledged that he received nothing from Dornsbach for submitting Olson's bids and stated that he submitted his second bid "as a favor to

[Dornsbach] because he was my friend. He did not compensate me for submitting the bids in any way and I did not share in the work." (*Id.*)

14. The Honorable Dulce Foster was still representing Olson at the time he wrote the above-described letter to the Court. (*See* Doc. 28 of the Olson Matter (showing the "withdrawal of Dulce J. Foster as counsel for Defendant Clarence Olson" and substitution of Lousene Hoppe as Olson's counsel on May 31, 2022).)

15. Also during the Honorable Dulce Foster's representation of Olson, she represented the following information to the government, which was provided to counsel for Dornsbach and Kamida in a government disclosure letter:

- Counsel for Clarence Olson indicated her belief that Olson's memory is poor and his recollection of certain topics is incomplete, not the most reliable, and/or that Olson may have difficulty remembering specifics, including: (1) the specifics regarding the bids Kamida asked Olson to send; (2) conversations, including those that occurred years prior; (3) exact statements made from Dornsbach to Olson regarding the rigged bids; (4) the specifics of which proposals Olson sent and/or faxed to Dornsbach versus those Olson sent and/or faxed directly to the city agency; and (5) the city administrators.
- Counsel for Clarence Olson indicated her understanding that Olson was part of a special education program growing up, and he is not able to read above a sixth-grade level; Olson tended to get confused very easily and he may not be able to follow along with complex topics; Olson does not have clear communication skills.

16. Olson's memory, and lack thereof, as observed by Magistrate Judge Foster during her representation of Olson, is relevant to Defendants Dornsbach and Kamida's defenses against the bid-rigging claim for which Olson is the only identified alleged conspirator with Defendants.

17. Defendants anticipate calling Magistrate Judge Foster, as Olson's counsel during relevant times, to testify for purposes of impeaching either Olson or his counsel

4

based on the information provided to the government (summarized above) and the information in his plea agreement or otherwise related to his plea of guilty, including to show that Olson had ulterior motives to plead guilty and his claim that he was not coerced to enter his guilty plea.

18. To date, Defendants have been foreclosed from obtaining any other documents related to the anticipated testimony of Magistrate Judge Foster whether from her former firm, Fredrikson & Byron, or from the government.

19. Even if Defendants' objection to the most recent order regarding these matters was sustained such that Defendants were provided documents from Fredrikson that may touch on the information contained in the government's disclosure letter, quoted above, Defendants still have no way of obtaining the relevant testimony from any person other than Magistrate Judge Foster. In short, the relevant information from Magistrate Judge Foster is not readily available, from any other sources or by any other means.

20. It was on the basis of Defendants' anticipated subpoena to Magistrate Judge Foster that all U.S. District Judges and U.S. Magistrate Judges of the U.S. District Court for the District of Minnesota were ordered "disqualified from presiding over" this matter. (Doc. 98 ("Disqualification Order") of the Dornsbach Matter (stating "Because criminal case number 22-cr-48 ECT/ECW involves U.S. Magistrate Judge Dulce J. Foster as a potential trial witness, it is hereby determined that all U.S. District Judges and U.S. Magistrate Judges of the above Court are disqualified from presiding over the matter.").

FURTHER AFFIANT SAYETH NOT.

I affirm, under penalty of perjury, that the foregoing is true and correct.

_____
Jennifer M. Robbins

3-27-23
Date

Affirmed to and subscribed before me on
This the 27 day of MARCH, 2023.

_____
Notary Signature

ASHLEY ANN HOELLEIN
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2024