UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 22-cr-48 (DMT) |
| Plaintiff, | |
| v. | **UNITED STATES MAGISTRATE JUDGE DULCE J. FOSTER'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA** |
| Steven Dornsbach and Kamida, Inc., | |
| Defendants. | |

## INTRODUCTION

On March 31, 2023, Defendants served a subpoena directed to "Magistrate Judge Dulce J. Foster" upon Judge Dulce J. Foster for her trial testimony. The Affidavit of Jennifer M. Robbins attached to the subpoena makes it clear that the subpoena does not involve Judge Foster's position as a United States Magistrate Judge. Rather, it involves her former position as counsel of record for Clarence Olson, a Government witness in this case. Judge Foster moves to quash the subpoena in her personal capacity only as Mr. Olson's former counsel, and not in her capacity as a United States Magistrate Judge, pursuant to Federal Rule of Criminal Procedure 17(c)(2).

Judge Foster takes no position on the issue of whether the Government has given adequate discovery to the defense in this case. She does not and cannot represent a party to this case.

This subpoena is another effort to gain access to irrelevant, cumulative, and privileged communications between Mr. Olson and his counsel, and it should be quashed.

First, Defendants have failed to meet their burden to show that Judge Foster has relevant and noncumulative testimony. Second, Judge Foster cannot both testify and comply with her obligations under Minnesota Rule of Professional Conduct ("MRPC") 1.6. Third, Judge Foster's testimony will necessarily encompass privileged communications and attorney work product, which further inhibits her ability to testify. Fourth, precedent discourages requiring federal judges from testifying when the circumstances do not require it (like here). For these reasons, the Court should grant Judge Foster's motion to quash the subpoena.

## FACTUAL BACKGROUND

### I. Mr. Olson's Proceedings.

The Government filed an Information against Mr. Olson on August 11, 2021. *United States v. Clarence Olson*, No. 21-cr-00172-ECT, at Doc. No. 1 (D. Minn. 2021). The Information charged Mr. Olson with one count of conspiracy to restrain trade. (*Id.* at 1-2.) Mr. Olson ultimately pled guilty to the Information on September 27, 2021. *Olson*, No. 21-cr-00172, at Doc. No. 13. Before sentencing, Mr. Olson submitted a letter to Judge Tostrud on October 12, 2021 ("First Letter"). (March 28, 2023 Order of Magistrate Judge Clare R. Hochhalter [Doc. No. 210] ("March 28, 2023 Order") at 1-2.) On June 10, 2022, Mr. Olson submitted another letter to Judge Tostrud ("Second Letter"). (*Id.* at 4.)

### II. Mr. Olson's Counsel.

Before the Government filed the Information and thereafter, Mr. Olson was represented by Judge Foster—prior to her taking the bench. (*Olson*, No. 21-cr-00172-ECT, at Caption (showing counsel for Mr. Olson); *see also* Case No. 22-cr-48 at Doc. No. 96-

2

2.). On May 31, 2022, Judge Foster withdrew as counsel for Mr. Olson. (*Olson*, Case No. 21-cr-00172, Doc. No. 28.) At the same time, Ms. Hoppe became Mr. Olson's counsel of record. (*Id.*) On August 30, 2022, Judge Foster was sworn in as a United States Magistrate Judge for the District of Minnesota. (*See* News Release, United States District Court District of Minnesota (Aug. 30, 2022), *available at* https://www.mnd.uscourts.gov/sites/mnd/files/2022-0830_MJ-FosterNewsRelease-Oath-of-office%20.pdf.)

### III. Defendants' Efforts to Obtain Communications Between Mr. Olson and His Counsel.

Defendants previously sought to obtain communications between Mr. Olson and his counsel. For example, Defendants demanded that the Government produce communications relating to Mr. Olson and his counsel on May 4, 2022. (Def.'s Mem. Support Mot. Order Gov't Comply [Doc. No. 77] at 13.) In response, the Government produced the First Letter and summaries of its communications with Mr. Olson's counsel.[1] (March 28, 2023 Order of Magistrate Judge Clare R. Hochhalter [Doc. No. 210] ("March 28, 2023 Order") at 2.) Defendants additionally sought to obtain a broader array of discovery through a Motion for Discovery and a third-party subpoena issued to Judge Foster's former law firm, Fredrikson & Byron, P.A. ("Fredrikson").

---

[1] Mr. Olson did not submit the Second Letter until June 10, 2022. (March 28, 2023 Order at 4.) Once submitted, the Government produced to the Second Letter to Defendants. (*Id.* at 5.)

3

### A. Defendants' Motion for Discovery.

Defendants filed a Motion for Discovery [Doc. No. 44] on May 18, 2022, seeking production of all communications between the Government and Mr. Olson's counsel. (March 28, 2023 Order at 2.) Magistrate Judge Wright denied the motion. (July 27, 2022 Order of Magistrate Judge Elizabeth Wright [Doc. No. 81] ("July 27, 2022 Order".) Judge Wright held that neither *Brady* nor *Giglio* compelled production of impeachment evidence regarding Mr. Olson's counsel. (*Id.* at 3.) She did, however, encourage the Government to review its disclosure letters to make sure it accurately and completely summarized its communications with Mr. Olson's legal counsel. (*Id.* at 3-4.) Defendants objected to the July 27, 2022 Order. (Defs.' Obj. July 27, 2022 Order [Doc. No. 86].)

On November 9, 2022, Judge Traynor affirmed the July 27, 2022 Order. (March 28, 2023 Order at 5-6 (citing Nov. 9, 2022 Order of Judge Traynor [Doc. No. 156]).) He affirmed that "the summaries produced by the United States of its communications with Olson's counsel provided Defendant with ample information for any direct or cross examination of Olson and his counsel." (*Id.* at 6.)

### B. Defendants Subpoena Fredrikson for Documents.

While the Motion for Discovery was pending, on August 26, 2022, Defendants served Judge Foster's former law firm, Fredrikson, with a subpoena, requesting the production of "all documents related to the representation provided by your law firm . . . to Clarence Olson, Maribeth Olson, and C. Olson Concrete" since January 2019. (*Id.* at 4 (citing Doc. Nos. 94, 95).) Fredrikson moved to quash the subpoena. (*Id.*)

4

On February 21, 2023, Magistrate Judge Hochhalter granted Fredrikson's motion to quash the subpoena. (Feb. 21, 2023 Order of Magistrate Judge Hochhalter [Doc. No. 196] ("Feb. 21, 2023 Order"); *see also United States v. Dornsbach*, No. 22-cr-00048, 2023 WL 2480976 (D. Minn. Mar. 13, 2023).) The Court found that the subpoena lacked specificity, explaining that "Defendants have cast a very large net" and "failed to establish with sufficient specificity the evidentiary nature of the requested materials." *Id.* at *5. The Court therefore concluded that Defendants merely sought "confirmation of what they have already received in discovery" or were hoping to "possibly discover additional documents." *Id.* The Court emphasized that discovery is improper under Rule 17(c). *Id.*

Second, the Court found the subpoena oppressive. *Id.* The Court determined that Defendants already possessed the documents that they sought to obtain from Fredrikson, and thus held that Defendants could not "credibly maintain that they are unable to adequately prepare for trial without the subpoenaed documents." *Id.* Given that they already possessed the *Brady* material and the substance of Mr. Olson's counsel's communications with the United States, the Court found the "burden on Fredrikson to produce these documents and assemble a privilege log" was "unnecessary and unreasonable." *Id.*

The Court emphasized Fredrikson's ethical obligations to Mr. Olson under MRPC 1.6. *Id.* at *6. The Court held that Defendants had not established an exception to Rule 1.6 and that Defendants had a weak purpose for issuing the subpoena (i.e., "the gathering of possible impeachment evidence"). *Id.*

5

Taken together, the Court quashed the subpoena to Fredrikson. *Id.* Defendants objected. (Defs.' Mar. 7, 2023 Obj. [Doc. No. 198].) The objection is currently pending before the District Court.

### C. Defendants' Subpoena to Judge Foster.

On March 31, 2023, Defendants served Judge Foster with a subpoena to testify at trial. (Notice Mot. & Mot. Ex. A.) Counsel for Defendants, Jennifer M. Robbins, submitted an affidavit in support of the subpoena. (*Id.* at 4-6 ("Robbins Aff.").) In the affidavit, Ms. Robbins states that Judge Foster "was still representing Olson at the time he wrote [the First Letter]." (Robbins Aff. ¶ 14.) She further asserts that Judge Foster submitted information to the Government regarding Mr. Olson's memory, recollection, and education. (Robbins Aff. ¶ 15.) Ms. Robbins also asserts that Mr. Olson's "memory, and lack thereof, as observed by Magistrate Judge Foster during her representation of Olson, is relevant to Defendants Dornsbach and Kamida's defenses." (Robins Aff. ¶ 16.) Lastly, Ms. Robbins attests that Defendants seek Judge Foster's testimony for the purposes of (1) "impeaching either Olson or his counsel based on the information provided to the government" (2) impeaching "the information in his plea agreement or otherwise related to his plea of guilty" (3) "show[ing] that Olson had ulterior motives to plead guilty," and (4) showing "that he was not coerced to enter his guilty plea." (Robbins Aff. ¶ 17.)

Because these purposes seriously implicate MRPC 1.6, the attorney-client privilege, and the attorney work-product doctrine, Judge Foster brings this motion to quash Defendants' Rule 17(a) subpoena.

6

## **LEGAL STANDARD**

Rule 17(a) of the Federal Rules of Criminal Procedure states that a subpoena "shall command each person to whom it is directed to attend and give testimony at the time and place specified therein." Fed. R. Crim. P. 17(a). Although "Rule 17(a) does not expressly provide for a motion to quash or limit the subpoena," federal courts have routinely held that "[r]oughly the same standard applies to subpoenas compelling the attendance of witnesses and subpoenas under Rule 17(c)." *United States v. Keogh*, No. CR-17-290-D, 2022 WL 129443, at *1 (W.D. Okla. Jan. 12, 2022) (internal quotation marks and citation omitted).

Subpoenas issued under Rule 17(a) must seek testimony that is relevant and material. *Stern v. U.S. Dist. Ct. for Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000). Courts routinely quash Rule 17(a) subpoenas "[w]here the sought testimony is cumulative or immaterial." *United States v. Bebris*, 4 F.4th 551, 559–60 (7th Cir.), *cert. denied*, 142 S. Ct. 489 (2021) (citing *United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973)). Moreover, Rule 17 is not a discovery tool and may not be used to conduct a "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699–700 (1974). When making preliminary admissibility determinations, the district court is "not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a). Notably, courts may deny a subpoena for testimony "where the proposed testimony would be inadmissible at trial under Rule 403 because it has minimal probative value that would be substantially outweighed by the risk of unfair prejudice or other considerations under Rule 403." *Keogh*, 2022 WL 129443, at *1 (citing *United States v. LeBeau*, 867 F.3d 960, 976 (8th Cir. 2017)).

**ARGUMENT**

The Court should quash the subpoena for four reasons. First, Judge Foster's alleged testimony is irrelevant and cumulative. Second, the subpoena is unreasonable because Judge Foster cannot both testify and comply with her obligations under MRPC 1.6. Third, Judge Foster's testimony will necessarily encompass privileged communications and attorney work product. Fourth, courts discourage federal judges from testifying at trial. The Court should quash the subpoena.

**I.   The Court Should Quash the Subpoena Because Defendants Have Not Shown That Judge Foster's Testimony is Relevant and Not Cumulative.**

Defendants must establish that Judge Foster has information that is relevant and not cumulative. "[A] subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Stern*, 214 F.3d at 17 (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)). Likewise, "a district court has discretion to quash a Rule 17(a) subpoena '[w]here the testimony sought is cumulative or immaterial.'" *Keogh*, 2022 WL 129443, at *1 (quoting *United States v. Bebris*, 4 F.4th 551, 559 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 489 (2021)).

Defendants seek Judge Foster's testimony for purposes of (1) "impeaching either Olson or his counsel based on the information provided to the government (summarized above)," (2) impeaching "the information in his plea agreement or otherwise related to his plead of guilty," (3) "show[ing] that Olson had ulterior motives to plead guilty," and (4) showing "that he was not coerced to enter his guilty plea." (Robbins Aff. ¶ 17.) However, testimony related to these purposes is irrelevant and cumulative because Defendants

8

already have access to the letters and have access to summaries of counsel's statements to the Government. As Magistrate Judge Hochhalter concluded in the February 21, 2023 Order, quashing the Fredrikson subpoena, this type of evidence is irrelevant, cumulative, and constitutes a fishing expedition. Accordingly, the Court should grant Judge Foster's motion to quash the subpoena. *See United States v. LeBeau*, 867 F.3d 960, 976 (8th Cir. 2017).

Defendants have not put forth any reasons for why Defendants need impeachment evidence and especially have not shown what impeachment evidence would be necessary from Mr. Olson's counsel specifically. Nothing suggests that Mr. Olson will testify contrary to the documents in the record and it is unclear what additional information Defendants seek from Mr. Olson's counsel that could not be obtained through cross-examination of Mr. Olson. Moreover, courts are generally reluctant to compel impeachment evidence because it is "necessarily dependent on how a given witness testifies." *United States v. Fitzsimons*, 342 F.R.D. 18, 22 (D.D.C. 2022). Because Defendants have not explained why Mr. Olson needs to be impeached, it has failed to establish the relevancy of Judge Foster's testimony. The Government has not subpoenaed Judge Foster as its witness; the defense will have no need to impeach her.

**II. The Subpoena Necessarily Violates Judge Foster's Obligations Under MRPC 1.6.**

The subpoena should also be quashed because Judge Foster cannot both testify and comply with her obligations under Minnesota Rule of Professional Conduct 1.6. MRPC 1.6 provides in part that "a lawyer shall not knowingly reveal information relating to the

representation of a client." Minn. R. Prof. Conduct 1.6(a). The rule is broader than the protections afforded by the attorney-client privilege. *See* MRCP 1.6, Comment 3 (explaining the confidentiality rule "applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source" and that "[a] lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law").

Defendants may argue that MRPC 1.6(b)(9) provides an exception were the Court to order disclosure. However, no such order exists at this time. And the Court previously denied Defendants' discovery on this point. Moreover, the Court granted Fredrikson's prior motion to quash relying, in part, on MRPC 1.6. *See Dornsbach*, 2023 WL 2480976 at *6 ("MRPC 1.6 clearly prohibits [Fredrikson] from disclosing details of its representation.").

Here, MRPC 1.6 prohibits Judge Foster from revealing information relating to her representation of Mr. Olson in court or out of court.

### III. The Court Should Quash the Subpoena Because It Seeks Attorney-Client Privileged Communications and Attorney Work Product.

Any information Defendants seek from Judge Foster will also be inextricably intertwined with attorney-client privileged communications and attorney work product. Federal common law governs questions of privilege in federal criminal proceedings. *See* Fed. R. Evid. 501; *U.S. v. Yielding*, 657 F.3d 688, 706-707 (8th Cir. 2011) (citing *US v. Espino*, 317 F.3d 788, 795 (8th Cir. 2003); *see also In re Grand Jury Proceedings (85 Misc. 140)*, 791 F.2d 663 (8th Cir. 1986). In general, "it is well established under common law

10

that confidential communications between an attorney and a client are privileged and not subject to disclosure absent consent of the client." *United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020) (citing *United States v. Horvath*, 731 F.2d 557, 562 (8th Cir. 1984)). The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of serving the client and developing a litigation strategy. *See id.* at 716. The privilege belongs to and exists solely for the benefit of the client. *Henderson v. United States*, 815 F.2d 1189, 1192 (8th Cir. 1987). The party asserting privilege bears the burden of showing that the privilege applies. *Ivers*, 967 F.3d at 715 (citing *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012)).

Here, Judge Foster communicated with Mr. Olson in order to render legal services. Accordingly, these communications are protected as attorney-client privileged communications. To the extent Defendants seek to elicit testimony regarding Judge Foster's impression of Mr. Olson's knowledge, memory, or education, that information is privileged as attorney work product under the circumstances. Mental impressions that impact litigation strategy are protected by the attorney work-product doctrine. *See, e.g., United States v. Bonnell*, 483 F. Supp. 1070, 1078 (D. Minn. 1979) ("Although it is hardly replete with legal theories and strategies, it is a personal recollection or memorandum."). Such personal impressions are absolutely protected. *Id.* Accordingly, no basis exists to require Judge Foster to testify under these circumstances.

### IV. The Court Should Quash the Subpoena Because Defendants Have Not Identified Nonprivileged, Narrow Fact Testimony of which Judge Foster Alone Has Knowledge.

Although nothing explicitly bars a federal judge from testifying, federal caselaw discourages the use of testimony from federal judges and usually limits it to narrow fact testimony where the judge is the sole source of the factual information. *See, e.g.*, *United States v. Roth*, 332 F. Supp. 2d 565, 568 (S.D.N.Y. 2004), *aff'd sub nom. United States v. St. John*, 267 F. App'x 17 (2d Cir. 2008) ("[A] judge may only be required to testify if he (1) possesses factual knowledge, (2) that knowledge is highly pertinent to the jury's task, and (3) is the only possible source of testimony on the relevant factual information."); *see also Dalcour v. City Of Lakewood*, No. 08-CV-00747-MSK-KLM, 2008 WL 3845289, at *1 (D. Colo. Aug. 14, 2008) ("While there is no outright ban on judicial testimony, factual testimony from a judge should only be elicited in narrow circumstances."). Federal courts have quashed subpoenas served on judges who do not have independent factual testimony. *Delcour*, 2009 WL 3845289, at *1 (quashing subpoena to magistrate judge who "indicate[d] that he has no independent factual recollection"). Likewise, Canon 2 of the Code of Conduct for United States Judges provides that "[a] judge should not testify voluntarily as a character witness," and encourages judges to "discourage a party from requiring the judge to testify as a character witness except in unusual circumstances when the demands of justice require."

Here, Defendants have not identified narrow fact testimony of which Judge Foster is the sole source of the factual information. To the contrary, the only reason the Defendants know about the information is because documents produced by the

12

Government in discovery already contain it. Accordingly, there is no reason to have Judge Foster testify. *Keogh*, 2022 WL 129443, at *4 ("There is no reason to waste trial time calling Ms. Anderson to testify about narrow facts that can be established with documentary evidence, should Defendant elect to present a case-in-chief.").

## CONCLUSION

For the reasons set forth above, United States Magistrate Judge Dulce J. Foster respectfully requests that the Court quash Defendants' subpoena in its entirety.

Dated:  April 21, 2023

Jon M. Hopeman (#0047065)
Hopeman Law LLC
333 S. Seventh Street
Suite 3020
Minneapolis, MN 55402
(612) 326-0656 (office)
(612) 840-5480 (cell)

***Attorney for United States Magistrate Judge Dulce Foster***