## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 22-CR-00048-DMT-CRH |
| Steven Dornsbach and Kamida, Inc., | |
| Defendants. | |

## ORDER ON DEFENDANTS' MOTIONS *IN LIMINE* 1 THROUGH 10

### INTRODUCTION

[¶ 1]    THIS MATTER comes before the Court on ten Motions *in Limine* filed by the Defendants on April 17, 2023. Doc. No. 225. The United States filed a Response on April 24, 2023. Doc. No. 297. For the reasons set forth below, Motion *in Limine* No. 1 is **GRANTED, in part, and DENIED, in part**, and Motions *in Limine* Nos. 2 through 10 are **DENIED**.

### DISCUSSION

### I.    Evidence of Clarence Olson's Guilty Plea and Clarence Olson's Letters

[¶ 2]    The Defendants ask the Court to exclude any evidence of Clarence Olson's ("Olson") guilty plea and written plea agreement as substantive evidence of the Defendants' alleged guilt. The Defendants, however, concede such evidence may be admissible for the limited purpose of determining Olson's credibility or his acknowledgment of participation in the alleged conspiracy. Finally, the Defendants ask the Court to admit two letters Olson submitted to the Court in his own case to provide additional context for his guilty plea.

- 1 -

[¶ 3]    The United States avers it does not intend to introduce Olson's written plea agreement into testimony but will elicit testimony regarding Olson's guilty plea. To that end, the United States has provided a limiting instruction for the Court's review that is consistent with Eighth Circuit case law.

[¶ 4]    "In the Eight Circuit, the law is clear that 'a confederate's guilty plea is admissible, *even on the Government's direct examination of the witness*, as evidence of the [witness's] credibility, or of his acknowledgment of participation in the offense.'" United States v. Kroh, 915 F.2d 326, 331 (8th Cir. 1990) (quoting United States v. Hutchings, 751 F.2d 230, 237 (8th Cir. 1984)). Evidence of a co-conspirator's guilty plea cannot, however, be used as substantive evidence of a defendant's guilt. Id. The Eighth Circuit has been equally clear the Court should instruct the jury on the permissible inferences that may be made from a co-defendant's guilty plea. Id.

[¶ 5]    Here, the Defendant seeks to prevent the United States from admitting any evidence of Olson's guilty plea. This total exclusion is contrary to binding Eighth Circuit precedent. See id. The United States may elicit testimony regarding Olson's guilty plea for purposes of his credibility and/or participation in the offense. Because the United States avers it will not seek to introduce Olson's written plea agreement, the Court makes no determination on that issue at this time.

[¶ 6]    Accordingly, the Defendants' Motion *in Limine* No. 1 is **DENIED**, insofar as it seeks to completely exclude testimony regarding Olson's guilty plea. The Motion is **GRANTED**, however, insofar as it requests a limiting instruction on the testimony. At the appropriate time, the Court will prepare a limiting instruction consistent with Eighth Circuit case law. The Court takes no position at this time on the admissibility of Olson's letters. Any objection regarding the admissibility of the letters is best raised during the course of trial.

## II.      Improper Payment Evidence

[¶ 7]    The Defendants argue the United States should be prohibited from introducing evidence that the Defendants allegedly made or received any improper payments because the United States has not alleged or provided any evidence relating to kickbacks or similar acts either paid to or received by the Defendants. The Defendants also argue they have not been provided adequate notice under Rule 404(b) of the Federal Rules of Evidence of any such acts.

[¶ 8]    The United States argues the evidence referenced by the Defendants is intrinsic evidence and the United States provided adequate notice of its intent to use evidence of Dornsbach's alleged personal favors to Ronnie Taggart ("Taggart") and of overpayment to Dornsbach. See Doc. No. 222, pp. 33-35.[1]

[¶ 9]    This issue is connected to the Defendants' Motion *in Limine* No. 4, relating to evidence of the Taggart criminal matter. The Court agrees the alleged payments, favors, and other actions relating to the Defendants' relationship with Taggart as it pertains to this conspiracy are likely intrinsic to the crime charged because they provide context for the alleged criminal acts. See United States v. Guzman, 926 F.3d 991, 999-1000 (8th Cir. 2019) (defining intrinsic evidence as "evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred." (citation and quotation marks omitted)). Nevertheless, the Court concludes the Defendants' motion is premature. Until such time as the Court has evidence before it, the Court cannot conclude whether the evidence is intrinsic or should be admitted under Rule 404(b). The Court has no evidentiary context in which to judge the purported evidence.

---

[1] The United States has moved to admit this evidence at trial. Doc. No. 222, pp. 33-35. The Court will address the United States' Motions *in Limine* in a separate order.

[¶ 10]   That said, the Court finds no issue with the timeliness of the Government's disclosure. The United States has provided the requisite notice under Rule 404(b) to introduce this other evidence of bad acts. See Doc. No. 222, pp. 33-34.[2] See also United States v. Kern, 12 F.3d 122, 124-25 (8th Cir. 1993) (finding disclosure of Rule 404(b) evidence one-to-two-weeks before trial was reasonable under the circumstances).

[¶ 11]   Accordingly, the Defendants' Motion *in Limine* No. 2 is **DENIED as premature**. This issue may be reraised during trial.

### III.      United States' Use of Leading Questions with Olson

[¶ 12]   The Defendants ask the Court to prohibit the United States from asking leading questions of Olson during his direct examination. The United States asks the Court to deny this Motion as premature because objections to the form of a question are not ripe until the question is asked.

[¶ 13]   The Court agrees with the United States. "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony." Fed. R. Evid. 611(c). The Court has discretion over permitting leading questions and the Eighth Circuit has explained it will "defer to the trial court in determining when leading questions are necessary." United States v. Grassrope, 342 F.3d 866, 869 (8th Cir. 2003). The Court is unaware at this time whether leading questions will be necessary under the circumstances to develop Olson's testimony.

---

[2] The Court notes Rule 404(b) requires only the prosecution to give "reasonable notice" of its intent to use evidence of other crimes, wrongs, or acts. Fed. R. Evid. 404(b)(3)(A). This notice must (1) be reasonable such that "the defendant has a fair opportunity to meet it"; (2) state the permitted purpose for which the prosecutor intends to offer it; and (3) provide the notice in writing before trial (unless, for "good cause," the Court permits notice during trial). Id.

[¶ 14]  Accordingly, the Defendant's Motion *in Limine* No. 3 is **DENIED as premature**. This objection may be reraised during the United States' examination of Olson.[3]

IV.   **Evidence Related to Taggart's Criminal Investigation, Proceedings, and Other Taggart Materials**

[¶ 15]  The Defendants ask the Court to exclude any evidence relating to the public corruption investigation and prosecution of Taggart, as well as his plea and conviction. The Defendants contend this information is irrelevant under Rule 402 of the Federal Rules of Evidence and unduly prejudicial under Rule 403. The Defendants contend Taggart was charged with a separate crime— wire fraud—and entered a plea agreement that included a factual basis relating to Taggart receiving bribes and kickbacks in the bidding process. According to the Defendants, this case involves an antitrust charge that has no relevance to Taggart's wire fraud charge. Therefore, they claim, Taggart's investigation, prosecution, plea, and conviction are irrelevant to the claims against the Defendants.

[¶ 16]  The United States disagrees, contending Taggart was a co-conspirator, even though he was never charged with conspiracy. According to the United States, the evidence will show Taggart was a participant in the Defendants' conspiracy and the evidence relating to the investigation of Taggart is relevant to the present case. In addition, the United States avers it will not seek to enter evidence of Taggart's charge, plea, conviction, or conduct that is outside of his alleged interaction with the Defendants in its case-in-chief.[4]

---

[3] The Court also notes a spat between the Parties relating to the Defendants' ability to contact Olson. The Court takes no position on this dispute as it appears largely irrelevant to whether the United States should be allowed to ask leading questions of Olson.

[4] The United States notes it may seek to offer this evidence in rebuttal, if necessary. The Court takes no position at this time as to its admissibility when offered as rebuttal evidence.

[¶ 17]  This Motion is premature. Based on the record before the Court, it appears Taggart may have been a co-conspirator with Dornsbach. The fact that Taggart was charged with a different crime does not change his potential role in this conspiracy, at least as it relates to the contract or contracts with which he was involved. In any event, whether the evidence is relevant or unduly prejudicial to the Defendants is a determination the Court believes should be reserved for trial. That way, the Court has the opportunity to consider the evidence in its proper context, not in a vacuum.

[¶ 18]  Accordingly, the Defendant's Motion *in Limine* No. 4 is **DENIED without prejudice**.

## V.    Opinion Testimony Regarding Bid Rigging

[¶ 19]  The Defendants argue the Court should exclude opinion testimony regarding bid rigging. Specifically, the Defendants seek to preclude the United States from offering opinion testimony claiming the sharing of bid information between competitors is bid rigging.

[¶ 20]  The United States avers it will not seek to introduce testimony regarding legal conclusions. Nevertheless, the United States believes this Motion is premature because whether a statement is a legal conclusion should be decided in the context of the testimony, not before the jury begins hearing evidence.[5]

[¶ 21]  The Court takes the United States at its word that it will not elicit testimony amounting to a legal conclusion, which is what the Defendant seeks to exclude in this Motion. Because there is no controversy currently before the Court on this matter, Defendants' Motion *in Limine* No. 5 is **DENIED as unnecessary**. In addition, whether any given statement is a legal conclusion is best

---

[5] The United States asks the Court not to construe this Motion as one to prohibit lay opinion testimony or to limit a witness's explanations based on personal knowledge or common-sense descriptions based on their experiences or understanding. The Court does not construe the Motion as such. Regardless, any objections based upon these matters should be brought at trial, not in a pretrial Motion *in Limine*.

determined during trial after consideration of the overall context of the testimony. In this way, the Motion is also premature. Defendants may re-raise this objection if a witness testifies as to a legal conclusion during trial.

### VI.     Conspiracy Opinion Testimony and Terms

[¶ 22]   Defendants ask the Court to prohibit witnesses from using "irrelevant, inflammatory, and improper conspiracy" testimony and terms as unfairly prejudicial. Doc. No. 226, p. 14. The Defendants have identified three specific terms they believe the Court should prohibit witnesses from using. First, that the Defendants and others were "in cahoots" together. Id. at p. 15. Second and third, that contractors know "bid collusion" and "tampering" are wrong. Id.

[¶ 23]   The United States argues these words are not so inflammatory as to mislead the jury from the material issues in this case. They contend the words are common sense slang terms for saying the Defendants and others worked together in the conspiracy.

[¶ 24]   This Motion is premature. Under Federal Rule of Evidence 403, the Court may exclude evidence if it is unfairly prejudicial to the Defendants. For a witness's use of potentially inflammatory terms to meet the standard for unfair prejudice under Rule 403, each term must be "so inflammatory on its face as to divert the jury's attention from the material issues in the trial." United States v. Huyck, 849 F.3d 432, 440 (8th Cir. 2017).

[¶ 25]   As an initial matter, the Court does not believe the terms identified by the Defendants, in and of themselves, are so inflammatory the jury's attention will be diverted from the material issues at trial. See id. As noted by the United States, the identified terms are colloquial ways to describe the Defendants' alleged relationship with others. That being said, the Court has no context in which to judge these statements. The context at trial, however slight, could potentially render these terms inflammatory to the point of causing unfair prejudice under Rule 403.

[¶ 26]   Accordingly, the Defendants' Motion *in Limine* No. 6 is **DENIED without prejudice**. The Defendants may reraise this objection for the Court's consideration at trial if any witness uses the identified terms.

### VII.   Lay Opinion Testimony Regarding Defendants' State of Mind, Knowledge, and Intent

[¶ 27]   The Defendants move to exclude lay opinion testimony relating to the Defendants' state of mind, knowledge, or intent in terms of the alleged conspiracy. The United States contends it "will not be introducing speculative testimony that goes to Defendants' mindset without laying the proper foundation that a witness has personal knowledge." Doc. No. 297, p. 9. On this ground, the United States argues the Motion is unnecessary and should be denied. The Court agrees.

[¶ 28]   Because the United States avers it will not seek to introduce the evidence the Defendants ask to be excluded without laying proper foundation, Defendants' Motion *in Limine* No. 7 is **DENIED as unnecessary** at this time. Any objection to evidence suggesting the Defendants' mindset may be raised at the time it is introduced at trial.

### VIII.   Reading/Summarizing the Indictment or Having the Government Read or Summarize the Indictment Instead of the Court

[¶ 29]   The Defendants next ask the Court not to read or summarize the Indictment. Alternatively, the Defendants ask the Court to have the United States read or summarize the Indictment to avoid the appearance of judicial approval of the charges. The United States does not object to the request and states it "will defer to the Court's usual practice." Doc. No. 297, p. 9.

[¶ 30]   It is not the Court's usual practice to summarize the Indictment except insofar as the Court briefly mentions the charge and instructs the jury on the essential elements of the offense. Accordingly, the Defendant's Motion *in Limine* No. 8 is **DENIED as unnecessary**. When the Court discusses an indictment, it instructs the jury the indictment is simply an allegation the United

States has made against a defendant, the jury is not to consider the indictment as evidence, and the United States has the burden to prove each element of the offense.

## IX.      Evidence of Other Bids

[¶ 31]  The Defendants next ask the Court to prevent the United States from introducing evidence of other bids that were allegedly rigged outside the thirteen identified by the United States that are at issue for trial. The United States avers it will not seek to introduce evidence related to other bids besides those thirteen identified in the case. The United States, however, reserves the right to introduce such evidence if the Defendants open the door by introducing evidence of additional bids or evidence putting additional bids at issue.

[¶ 32]  Because the United States will not be introducing evidence of bids beyond those at issue in this case, the Defendants' Motion *in Limine* No. 9 is **DENIED as unnecessary**. If additional bids become an issue at trial, the Parties may re-raise this issue at that time.

## X.      Post-Conspiracy Communications

[¶ 33] The Defendants next ask the Court to exclude evidence of post-conspiracy communications. The United States claims it will not seek to introduce post-conspiracy communications unless the Defendants put them at issue at trial.

[¶ 34] Because the United States will not be seeking to introduce any post-conspiracy communications, Defendants' Motion *in Limine* No. 10 is **DENIED as unnecessary**. If such communications become an issue at trial, the Parties may re-raise this issue at that time.

## CONCLUSION

[¶ 15]  For the reasons set forth above, the Defendants' Motions *in Limine* No. 1 is **GRANTED, in part, and DENIED, in part**, and their Motions *in Limine* Nos. 2 through 10 are **DENIED**.

[¶ 16]  In addition, the Parties shall file proposed redactions to this Order on or before **May 5, 2023**. Their filing must state whether the Parties agree as to each redaction and, if the parties do not agree, provide support for each party's position as to that redaction. The Court will then issue a redacted version of this Order, unless the Court determines no redactions are appropriate, in which case it will unseal this Order.

[¶ 17]  **IT IS SO ORDERED**.

DATED April 28, 2023.

Daniel M. Traynor, District Judge
United States District Court