IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

vs.                                              Case No. 22-CR-00048-DMT-CRH

Steven Dornsbach and Kamida, Inc.,

Defendants.

## ORDER ON THE UNITED STATES' MOTIONS *IN LIMINE*

### INTRODUCTION

[¶ 1]   THIS MATTER comes before the Court on twelve Motions *in Limine* filed by the United States on April 17, 2023. Doc. Nos. 227, 231, 235, 237, 239, 242, 245, 247, 249, 251, 254, 256. The Defendants filed a Response on April 24, 2023. Doc. No. 297. For the reasons set forth below, the Court makes the following rulings on the United States' Motions *in Limine*:

- Motion *in Limie* to Exclude Evidence Regard the Reasonableness of Defendants' Pricing (Doc. No. 227) is **DENIED**.

- Motion *in Limine* to Exclude Evidence of Defendants' Pricing as Prejudicial (Doc. No. 231) is **DENIED**.

- Motion *in Limine* to Exclude Specific Acts of Lawful Conduct (Doc. No. 235) is **GRANTED, in part, and DENIED, in part**.

- Motion *in Limine* to Exclude Evidence of Defendants' Specific Intent (Doc. No. 237) is **GRANTED**.

- Motion *in Limine* to Exclude Evidence of Defendants' Ignorance of the Law (Doc. No. 242) is **GRANTED**.

- Motion *in Limine* to Exclude Commentary Regarding Discovery (Doc. No. 239) in the Jury's Presence is **DENIED**.

- 1 -

- Motion *in Limine* to Prohibit Certain Uses of Federal Agent Interview Reports (Doc. No. 245) is **DENIED as moot**.

- Motion *in Limine* to Exclude Evidence or Argument about the Disposition of Unindicted Co-Conspirators (Doc. No. 247) is **DENIED without prejudice**.

- Motions *in Limine* to Admit Certain Evidence (Doc. Nos. 249, 251, 254, and 256) are **DENIED as premature**.

## DISCUSSION

I.    **United States' Motion *in Limine* to Exclude Evidence Regarding the Reasonableness of Defendants' Pricing**

[¶ 2]    The United States asks the Court to exclude any evidence related to the reasonableness of the Defendants' prices because it is irrelevant under Federal Rule of Evidence 402 in this *per se* antitrust case. Doc. No. 227. The Government explains their Motion extends to "evidence or argument that Defendants' prices were consistent across time and bids, that Defendants' prices were lower than competitors', or that there was no price increase caused by Defendants' bid-rigging conduct." Doc. No. 222, p. 17. The Defendants have made clear they "do *not* intend to proffer evidence or testimony on reasonableness of Defendants' pricing." Doc. No. 292, p. 19. They do, however, argue they may introduce evidence of their prices' consistency, particularly through the proposed expert testimony of Mr. Gorowsky because such evidence is "material to the defense." Id. at 19-20.

[¶ 3]    The Court's ruling on the United States' Motion has a bifurcated aspect. The Court disagrees with the Government's representation that evidence of "reasonableness" in pricing encompasses evidence of the Defendants allegedly using consistent pricing for the reasons stated in a separate order (Doc. No. 311) that granted, in part, and denied, in part, the Government's Motion to Exclude Expert Testimony of Thomas J. Gorowsky (the "Gorowsky Order"). In the Gorowsky Order, the Court set forth various restrictions on Mr. Gorowsky's testimony and

evidence. For instance, Mr. Gorowsky is not permitted to testify as to the Defendants' alleged bidding relative to competitors or whether or not the Defendants were awarded a contract because such evidence would, indeed, go to the impermissible reasonableness of the Defendants' prices. See Catalano, Inc. v. Target Sales, Inc., 446 U.S. 643, 647 (1980) (noting that when the prosecution involves an "agreement to fix prices" which "is unlawful *per se*" under 15 U.S.C. § 1, then that alleged agreement cannot be shielded from criminal prosecution on the basis "that the prices fixed are themselves reasonable").

[¶ 4]    Accordingly, the Court **DENIES, in part**, the Government's Motion to the extent it seeks to exclude evidence of consistent pricing that the Court has found may be introduced in the Gorowsky Order. As for other potential evidence of "reasonableness" of pricing, the Court will take the Defendants at their word and **DENY as moot** the Government's Motion *in Limine* to Exclude Evidence Regarding the Reasonableness of Defendants' Prices. Doc. No. 227.

## II.    United States' Motion *in Limine* to Exclude Evidence of Defendants' Pricing as Prejudicial

[¶ 5]    The United States argues evidence of the Defendants' pricing should be excluded under Federal Rule of Evidence 403 because it is prejudicial, confusing, and will mislead the jury. Doc. No. 231. The Government contends any evidence or testimony (lay or expert) regarding the consistency of bidding prices, comparison of bids, and/or "reasonableness" of bids is unfairly prejudicial and will misguide the jury from its duty of determining whether an illegal anticompetitive agreement existed. See Doc. No. 222, pp. 18-19. The Defendants again represent they will not present evidence of the "reasonableness" of bids, but they should be able to offer evidence of their pricing consistency for the same reasons they opposed the Government's Motion to Exclude Expert Testimony of Thomas J. Gorowsky, namely because may cast doubt the existence of a prohibited agreement. See Doc. No. 292.

[¶ 6]  Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . .: unfair prejudice, confusing the issues, misleading the jury," among other reasons. Fed. R. Evid. 403. To any extent the Motion seeks to exclude evidence and testimony from Mr. Gorowsky regarding the Defendants' pricing consistency that the Court has found admissible in the Gorowsky Order (Doc. No. 311), the Government's present Motion (Doc. No. 231) is **DENIED, in part**. For the reasons stated in that Gorowsky Order (Doc. No. 311), the Court finds Mr. Gorowsky's opinion and testimony regarding the Defendants' pricing consistency is relevant to the question of whether there was an anticompetitive agreement and its probative value outweighs the danger of unfair prejudice to the United States as well as its potential to mislead the jury. The Court particularly finds the restrictions it has imposed on Mr. Gorowsky's opinion in the Gorowsky Order alleviate the United States' concerns and keeps the evidence on a proper and narrow evidentiary path.

[¶ 7]  To the extent the Government's Motion (Doc. No. 231) seeks to exclude other evidence yet to be introduced that relates to the Defendants' own pricing consistency and bid comparison, the Court **DENIES it as premature**. The Court may take up any evidentiary issues as it is allowed to review the evidence.

[¶ 8]  Finally, the Defendants have represented to the Court they will not seek to introduce evidence of the "reasonableness" of their prices (see Doc. No. 292, p. 19), which makes the United States' request to exclude evidence of "reasonableness" of pricing moot. Accordingly, the Court **DENIES as moot** the United States' Motion insofar as it seeks to exclude evidence of pricing "reasonableness."

   **III.    United States' Motion *in Limine* to Exclude Specific Acts of Lawful Conduct**

[¶ 9]   The United States has moved to exclude from evidence "any specific acts of the Defendants' lawful conduct" under Federal Rules of Evidence 404 and 405, with the exception of character witnesses offering reputation or opinion evidence that complies with Rule 405(a). Doc. No. 235. See also Doc. No. 222, p. 20. It contends the evidentiary exclusion should extend to Mr. Gorowsky's opinions, who is the Defendants' proffered expert witness. Doc. No. 222, p. 21. The Government also requests the Court require the Defendants to raise with the Court in advance and outside of the jury's presence their intent to offer non-expert testimony, evidence, or arguments regarding their lawful acts. In rebuttal, the Defendants raise the same arguments they presented in defense of Mr. Gorowsky's expert testimony. Namely, that they should be allowed to introduce evidence of their consistent pricing to cast doubt upon the Government's allegation of an illegal agreement to restrain trade.

[¶ 10] The Court has already addressed the Government's arguments as it relates to Mr. Gorowsky's opinion evidence in the Gorowsky Order. Doc. No. 311. Accordingly, the Government's Motion (Doc. No. 235) is **DENIED, in part** for the same reasons set forth in the Court's prior Order (Doc. No. 311).

[¶ 11]  In addition, the Court is unaware of the Defendants seeking to introduce specific acts of lawful conduct except as those acts may happen to be included in the data underlying Mr. Gorowsky's opinion. If the Defendants move to introduce such evidence at trial, the United States may raise an appropriate objection at that time. Accordingly, the Government's Motion (Doc. No. 235) is **DENIED, in part, as premature**. Similarly, if the Defendants seek to introduce non-expert testimony, evidence, or arguments regarding their lawful acts, the Court will take those matters up outside of the presence of the jury. On that basis, the Court will **GRANT, in part**, the

Government's Motion (Doc. No. 235) insofar as the United States asks to take these issues up outside the presence of the Jury.

IV.     **United States' Motion *in Limine* to Exclude Evidence of Defendants' Specific Intent**

[¶ 12]  The United States asks the Court to exclude the Defendants' evidence or arguments that they did not intend to restrain trade or otherwise violate antitrust laws because such evidence and arguments are irrelevant under Federal Rule of Evidence 402. Doc. No. 237. The Defendants argue the Government's request is improper because the United States must prove the Defendants engaged in the alleged conduct "with the intent and knowledge that it was going to *result in* rigged bids or restraint of trade." Doc. No. 292, p. 21. The Court agrees with the United States.

[¶ 13]  In a case involving a *per se* violation of Section 1 of the Sherman Act, the Eighth Circuit affirmed a jury instruction's statement of the intent element when that instruction told the jury:

> In considering the evidence in this case, you must determine whether the defendant under consideration by you acted with the requisite intent. This element of intent is established if the evidence in this case shows beyond a reasonable doubt that the defendant under consideration by you knowingly participated in a conspiracy to engage in the conduct charged in the indictment. Intent means that the acts of the defendant under consideration by you were voluntary and intentional—that is, that they were knowingly done. In order to establish the offense charged in the indictment, the proof need not show that a defendant acted willfully or with specific intent or bad purpose either to disobey or to disregard the law.

United States v. Misle Bus & Equip. Co., 967 F.2d 1227, 1235 n.5 (8th Cir. 1992). Other circuits have similar statements of the intent requirement, simply requiring the Government to prove the "defendants knowingly entered into the conspiracy," not that "the conspirators entered into the agreement with knowledge of its probable anti-competitive effects." United States v. Cooperative Theatres of Ohio, Inc., 845 F.2d 1367, 1373 (6th Cir. 1988). See United States v. Nippon Paper Indus. Co., Ltd., 109 F.3d 1, 7 (1st Cir. 1997) ("[D]efendants can be convicted of participation in

price-fixing conspiracies without any demonstration of a specific criminal intent to violate the antitrust laws."); United States v. Brown, 936 F.2d 1042, 1046 (9th Cir. 1991) (joining other circuits in finding that the district court did not need to "instruct the jury that it had to find that the defendants acted with the purpose of achieving anticompetitive effects or with the knowledge that such effects likely would result" when a defendant is charged with a *per se* violation of the Sherman Act); United States v. W.F. Brinkley & Son Const. Co., Inc., 783 F.2d 1157, 1162 (4th Cir. 1986) (requiring the Government to prove "the defendants' intentional participation in the conspiracy to rig bids" but not that the defendants had the "specific intent to unreasonably restrain trade" (quoting United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 533 (4th Cir. 1985))). See also United States v. Koppers Co., 652 F.2d 290, 29 n.6 (2d Cir. 1981) ("Where *per se* conduct is found, a finding of intent to conspire to commit the offense is sufficient[.]"); United States v. Gillen, 599 F.2d 541, 545 (3d Cir. 1979) ("[I]n price-fixing conspiracies, where the conduct is illegal *per se*, no inquiry has to be made on the issue of intent beyond proof that one joined or formed the conspiracy."); United States v. Brighton Bldg. & Maintenance Co., 598 F.2d 1101, 1106 (7th Cir. 1979) ("[I]n order to convict it must be proved that defendants knowingly agreed or formed a combination or conspiracy for the purpose of rigging the bids, and intentionally assisted in its furtherance.").

[¶ 14]   The Defendants contention that the Government must prove they had specific intent to rig bids or restrain trade is incorrect as a matter of law. See Misle Bus & Equip. Co., 967 F.2d at 1235 n.5 (not requiring the Government to prove the defendant "acted willfully or with specific intent or bad purpose either to disobey or to disregard the law"). As another court explained, "Where *per se* conduct is found, a finding of intent to conspire to commit the offense is sufficient; a requirement that intent go further and envision actual anti-competitive results would reopen the

very questions of reasonableness which the *per se* rule is designed to avoid." Koppers Co., Inc.,
652 F.2d at 295 n.6.

[¶ 15]  Accordingly, the Court **GRANTS** the United States' Motion (Doc. No. 237) because
evidence of whether or not the Defendants intended to violate antitrust laws or restrain trade is
irrelevant in this criminal action.

> **V.    United States' Motion *in Limine* to Exclude Evidence of Defendants' Ignorance of the Law**

[¶ 16]  The United States seeks to exclude as irrelevant the Defendants' evidence concerning
ignorance of the law because the Government is not required to prove the Defendants knew their
alleged actions were illegal nor does any alleged ignorance of law have any bearing on a
consequential fact. Doc. No. 242. The Government has specifically requested the Defendants not
be permitted to ask Clarence Olson "if he thought the conduct was wrong or unlawful." Doc. No.
222, p. 25. In response, the Defendants argue the Government's request prevents them from
offering evidence that they and/or Olson "did not have [the] required knowledge," i.e., the
"knowledge that their conduct would result in rigged bids or restraint of trade." Doc. No. 292, p.
23. The Court agrees with the United States.

[¶ 17]  The general rule is "ignorance of the law is no defense to a criminal charge." United States
v. Baez, 983 F.3d 1029, 1042 (8th Cir. 2020) (quoting United States v. Lalley, 257 F.3d 751, 755
(8th Cir. 2001)). As explained above regarding the Defendants' specific intent arguments, the
Government does not have to prove the Defendants specifically intended to restrain trade or rig
bids. Rather, the Government has the burden to prove the Defendants "*knowingly participated in
a conspiracy* to engage in the conduct charged in the indictment." Misle Bus & Equip. Co., 967
F.2d at 1235 n.5. Ignorance of the illegal aim or effect of the alleged conspiracy is irrelevant and

not an excuse in this alleged *per se* violation of the Sherman Act. See id. See also Baez, 983 F.3d 1042. For these reasons, the Government's Motion (Doc. No. 242) is **GRANTED**.

      **VI.**     **United States' Motion *in Limine* to Exclude Commentary Regarding Discovery in the Jury's Presence**

[¶ 18]   The United States has moved for an order to exclude the Defendants' potential commentary on discovery in front of the jury on the basis of Federal Rules of Evidence 402 and 403. Doc. No. 239. The Government's request includes, but is not limited to, the Defendants "asking witnesses questions about discovery, requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, discussing discovery in opening statements or closing arguments, or otherwise commenting on discovery matters in the presence of the jury." Doc. No. 222, p. 23.

[¶ 19]   The Defendants have represented they will not discuss the Government's alleged discovery violations "[u]nless something new is discovered at trial." Doc. No. 292, p. 23. The Defendants have stated they may, however, "examine witnesses and inquire as to the fact of whether specific material was, or was not, produced," which is a "standard area of examination." Id. at 24. For instance, the Defendants may try to impeach Olson via his prior statements and alleged communications his counsel had with the Government that have not been produced. Id. Accordingly, the Defendants ask the Court to defer judgment on the Government's Motion and "deal with it throughout trial." Id. The Court agrees, in part, with the Government and, in part, with the Defendants.

[¶ 20]   The Court agrees with the Defendants they should be permitted to inquire into whether certain witness provided materials to the United States only if it becomes apparent during trial such an inquiry is appropriate under the circumstances. In this respect, the United States' Motion *in Limine* to Exclude Commentary Regarding Discovery in the Jury's Presence (Doc. No. 239) is

**DENIED without prejudice**.[1] Insofar as the Motion seeks to prevent the Defendants from inquiring into the United States alleged discovery violations, the Defendants have averred they will not make such an inquiry unless something new is discovered during trial. In this respect, the United States' Motion *in Limine* to Exclude Commentary Regarding Discovery in the Jury's Presence (Doc. No. 239) is **DENIED as unnecessary**.

### VII.    United States' Motion *in Limine* to Prohibit Certain Uses of Federal Agent Interview Reports

[¶ 21]  The United States moves to prohibit the Defendants from introducing the contents of federal agent interview reports because they are not witness statements and should neither be admitted nor published for various reasons. Doc. No. 245. The Government acknowledges, however, the reports "may be used for limited purposes such as refreshing a witness' recollection." Doc. No. 222, p. 26. The Defendants have represented they "do not intend to seek admission, or publish to the jury, any of the FBI witness statements." Doc. No. 292, p. 25. Rather, the Defendants note they may use those statements for refreshing a witness's recollection.

[¶ 22]   Given that the Defendants have stated they do not intend to try to admit or publish the interview reports, the Court concludes the Governments Motion (Doc. No. 245) is **DENIED as moot**.

### VIII.    United States' Motion *in Limine* to Exclude Evidence or Argument about the Disposition of Unindicted Co-Conspirators

[¶ 23]  The United States seeks to exclude the Defendants' anticipated evidence or arguments regarding the disposition of the unindicted co-conspirators in this case. Doc. No. 247. It argues

---

[1] The Court notes criminal defendants may (on motion) subpoena, discover, or inspect a "statement or report in the possession of the United States which was made by a Government witness or prospective Government witness" after the witness's direct examination by the United States. 18 U.S.C. § 3500(a); see also id. § 3500(b). Generally, the materials are handed over outside of the jury's presence. See United States v. Bruton, 647 F.2d 818, 827 (8th Cir. 1981).

introduction of such evidence or statements are irrelevant, may confuse the jury, and will lead to jury nullification. Doc. No. 222, pp. 29-30.

[¶ 24]  The Defendants contend the Government should be required to identify all alleged co-conspirators because the only person identified has been Olson. They further argue the Government's request: (1) has no support in the law given its cited cases are about a superseding indictment dropping three previously charged counts due to an alibi and a 42 U.S.C. § 1983 case; (2) it may deny the Defendants opportunities to defend themselves because it could limit their cross-examinations of witnesses; (3) the failure to identify alleged co-conspirators signals the Government may attempt to broad the conspiracy. The Defendants then contend their alleged guilt "hinges on Olson's involvement in the alleged conspiracy," so they propose the following jury instruction:

> You have heard testimony regarding an alleged agreement to restrain trade involving Defendants. The charged crime is that Defendants reached an agreement with Clarence Olson to restrain trade. In other words, you must find Defendants not guilty if you find that neither of the Defendants reached an agreement with Clarence Olson to restrain trade.

Doc. No. 292, p. 27.

[¶ 25]  The Court will not address the Defendants' proposed jury instruction at this time. That said, the Court notes the Defendants' concern regarding the unnamed co-conspirators and "the Court urges the government to identify those [unidentified co-conspirators], particularly if the government plans to refer to those people or call those people as witnesses at trial." United States v. Hogeland, 2010 WL 3905844 (D. Minn. Sept. 29, 2010).

[¶ 26]  The Defendants potential inquiry into and evidence regarding the reasoning behind the Government's choice to not charge other alleged co-conspirators has minimum probative value and may prejudice the Government and mislead the jury. See United States v. Reed, 641 F.3d 992,

- 11 -

993-94 (8th Cir. 2011) (noting the probative value of an agent's recommendation to not charge a particular defendant was outweighed by the dangers of unfairly prejudicing the Government, consuming the issues, and misleading the jury). That being said, the Defendants should be allowed to challenge a potential witnesses or alleged co-conspirators who may have cooperated with the United States and received a favorable pretrial disposition for bias or any other permissible purpose.

[¶ 27] The Court is not persuaded that evidence or arguments regarding unindicted co-conspirators will encourage jury nullification. The Defendants have been accused of a conspiracy in which only one person other than the Defendants has been named as a co-conspirator in the Indictment.[2] The Court has concerns that in potentially granting the Government's Motion, the Defendants would be prevented from thoroughly cross-examining witnesses who may or may not be alleged co-conspirators. Speculations of why one person was not indicted may present a valid defense to the Defendants.

[¶ 28]  Nevertheless, the Court concludes deciding whether the Defendants may inquire into this area is premature and better determined during the course and context of trial. Accordingly, the United States' Motion *in Limine* regarding evidence or argument about the disposition of unindicted coconspirators (Doc. No. 247) is **DENIED without prejudice**. This issue may be reraised during trial.

### IX.    Motions *in Limine* to Admit Certain Evidence

[¶ 29]  The United States makes four Motions to admit certain evidence. First the United States moves to admit Defendants' statements as party opponent statements. Doc. No. 249. Second, the

---

[2] The Indictment specifically alleges Clarence Olson is a co-conspirator. However, the Court is aware the United States asserts Ronnie Taggart is also a co-conspirator even though he is not specifically named in the Indictment.

United States moves to admit certain statements as verbal acts and not for the truth of the matter asserted. Doc. No. 251. Third, the United States moves to admit summary exhibits and witnesses. Doc. No. 254. Finally, the United States asks to admit Federal Rule of Evidence 404(b) evidence for permissible purposes. Doc. No. 256. The Defendants ask the Court to deny this motion as premature. The Defendants contend the United States has failed to identify what specific evidence or what specific statements they believe are admissible under each category.

[¶ 30] The Court agrees with the Defendants. The Motions to admit certain evidence are premature. The United States offers no evidence to admit with its motion. The admissibility of each category of evidence cannot be determined without the actual evidence before the Court. Without such evidence for review, the Court concludes the Motion is premature. The Court also notes determining the evidence is admissible in the pretrial setting deprives the Court the opportunity to evaluate the evidence in context of trial. It also deprives the opponent from making objections on the record in front of the jury. Accordingly, the United States Motions for the admissibility of certain evidence (Doc. Nos. 249, 251, 254, 256) are **DENIED without prejudice**.

## CONCLUSION

[¶ 31] For the reasons set forth above, the Court makes the following rulings on the United States' Motions *in Limine*:

- Motion *in Limie* to Exclude Evidence Regard the Reasonableness of Defendants' Pricing (Doc. No. 227) is **DENIED**.

- Motion *in Limine* to Exclude Evidence of Defendants' Pricing as Prejudicial (Doc. No. 231) is **DENIED**.

- Motion *in Limine* to Exclude Specific Acts of Lawful Conduct (Doc. No. 235) is **GRANTED, in part, and DENIED, in part**.

- Motion *in Limine* to Exclude Evidence of Defendants' Specific Intent (Doc. No. 237) is **GRANTED**.

- Motion *in Limine* to Exclude Evidence of Defendants' Ignorance of the Law (Doc. No. 242) is **GRANTED**.

- Motion *in Limine* to Exclude Commentary Regarding Discovery (Doc. No. 239) in the Jury's Presence is **DENIED**.

- Motion *in Limine* to Prohibit Certain Uses of Federal Agent Interview Reports (Doc. No. 245) is **DENIED as moot**.

- Motion *in Limine* to Exclude Evidence or Argument about the Disposition of Unindicted Co-Conspirators (Doc. No. 247) is **DENIED without prejudice**.

- Motions *in Limine* to Admit Certain Evidence (Doc. Nos. 249, 251, 254, and 256) are **DENIED as premature**.

[¶32]   In addition, the Parties shall file proposed redactions to this Order on or before **May 5, 2023**. Their filing must state whether the Parties agree as to each redaction and, if the parties do not agree, provide support for each party's position as to that redaction. The Court will then issue a redacted version of this Order, unless the Court determines no redactions are appropriate, in which case it will unseal this Order.

[¶33]   **IT IS SO ORDERED**.

DATED April 28, 2023.

Daniel M. Traynor, District Judge
United States District Court