IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 22-CR-00048-DMT-CRH |
| Steven Dornsbach and Kamida, Inc., | |
| Defendants. | |

**ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE LATE-PRODUCED DOCUMENTS AND "ADDITIONAL INTERSTATE COMMERCE EVIDENCE" AND FINDING AS MOOT DEFENDANTS' MOTION TO ORDER THE GOVERNMENT TO PRODUCE TRIAL EXHIBITS TO THE DEFENDANTS**

## INTRODUCTION

[¶ 1]   THIS MATTER comes before the Court on two Motions filed by the Defendants on April 24, 2023. Doc. No. 283. First, the Defendants filed a Motion *in Limine* to exclude both "late-produced" documents and witness disclosures as well as "additional interstate commerce evidence." Doc. No. 284, pp. 7-10. Second, the Defendants ask the Court to order the United States to produce its trial exhibits to the Defendants. The United States filed a Response on April 25, 2023. Doc. No. 303.

[¶ 2]   For the reasons set forth below, the Defendants' Motion to exclude the late produced documents and late disclosed witnesses, as well as their request to exclude "additional interstate commerce evidence" is **DENIED**, and their Motion for an Order requiring the United States to produce its trial exhibits is **MOOT**.

- 1 -

## BACKGROUND

[¶ 3]   The United States has made several discovery productions to the Defendants throughout the course of this case. Most recently, the United States produced additional documents, information, and two newly received exhibits to the Defendants on April 21, 2023. According to a letter from the United States to Defense Counsel, these included:

- ATR-Interview- Files consist of two FBI 302 interview reports
- ATR-NonInterview files consist of a surveillance report and two pictures in front of ▬▬▬▬▬
- CEP-ATR- files consist of a Fed. R. Evid. 802(6) & 902(11) certification and ▬▬▬▬▬ record of payments to Kamida, Inc.
- LH-ATR- file consist of a ▬▬▬▬▬ record.

Doc. No. 285-1, p. 2. The letter also indicated the United States would seek to introduce the following additional evidence relating to interstate commerce:

- TCF-ATR00000001 – TCF-ATR00000515
- CEP-ATR-0090492 – CEP-ATR-0090497
- Other certifications or evidence from ▬▬ or any financial institution or clearing house
- Testimony of various financial institution representatives, including ▬▬▬▬▬

Id. at p. 3. The United States asserts the April 21 production contained: (1) two new proposed exhibits totaling seven pages in length; (2) two FBI 302 reports that are less than one page each that document interviews conducted on April 14 and April 20, 2023; (3) an FBI surveillance report from activity at ▬▬▬▬▬ conducted on April 18, 2023; and (4) an email sent from a ▬▬▬▬▬ employee to an FBI Special Agent and two trial team members, dated April 21, 2023.

Doc. No. 303, p. 2, n.2. The Defendants seek to exclude the documents and identified testimony disclosed in the United States' April 21, 2023, production letter.

## DISCUSSION

### I.     Late Disclosed Evidence and Witnesses

[¶ 4]    The Defendants argue the newly produced documents should be excluded and the newly disclosed witnesses should be excluded because the United States allegedly failed to comply with Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure by disclosing them approximately nine days before trial. The Defendants argue exclusion is an appropriate remedy because they suffered prejudice. The Defendants claim the late disclosure itself causes them prejudice due to the close proximity of the disclosure to trial.

[¶ 5]    The United States contends it made the April 21 production of evidence shortly after it received the information. The United States argues the disclosure was made with ample time for the Defendants to prepare for trial and exclusion would be an extraordinarily harsh remedy under the circumstances. Finally, the United States claims the Defendants have failed to show prejudice.

[¶ 6]    Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the United States to give a defendant the opportunity to inspect or copy "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" when the United States is in possession of such items and (1) it is material to preparing the defense; (2) the United States intends on using such item in its case-in-chief; or (3) the item is from or belongs to the defendant. Rule 16 further places a continuing duty to promptly disclose such information when it is discovered before or during trial. Fed. R. Crim. P. 16(c).

[¶ 7]    When a party fails to comply with Rule 16, the Court has four remedial options: (1) order the discovery or inspection to occur; (2) grant a trial continuance; (3) exclude the undisclosed

evidence; or (4) "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). When choosing a remedy, the Court looks to whether the United States acted in bad faith, the reasons for the delay, whether the defendant suffered any prejudice, and whether a lesser sanction is appropriate to ensure the Government's future compliance. United States v. Streb, 36 F.4th 782, 787 (8th Cir. 2022).

[¶ 8]   The Court has reviewed the record and concludes the United States did not violate Rule 16 of the Federal Rules of Criminal Procedure. The United States promptly disclosed the information and the proposed witnesses to the Defendants. The information contained minimal additional materials and included details relating to bank accounts to which the Defendants purportedly had access during the course of the alleged conspiracy. The disclosure occurred within a timeframe in which the Defendant could review it before trial. Rather than having violated Rule 16, the record is clear the United States was complying with its continuing duty to disclose information as it comes to light. Fed. R. Crim. P. 16(c). The Eighth Circuit has found no violation in disclosing information forty-eight hours before trial. See Streb, 36 F.4th at 786-87 (upholding an evidentiary disclosure forty-eight hours prior to trial). Even if there was a violation of the Rule, the Court would conclude excluding the evidence at this time is too severe a sanction because it was disclosed over a week before trial, consisted of minimal additional information, and there is no evidence of bad faith on the part of the United States. See id.

[¶ 9]   Accordingly, the Motion *in Limine* to exclude introduction of new evidence and witnesses is **DENIED**.

 II.   **Additional Interstate Commerce Evidence**

[¶ 10]   The Defendants next ask the Court to exclude the additional interstate commerce evidence in the United States' April 21, 2023, disclosure for the same reasons it argued such evidence should

generally be excluded in a prior motion. Compare Doc. No. 284, pp. 9-10 with Doc. No. 232. Defendants argue information relating to the "general business activities" of the Defendants should be excluded because such evidence is insufficient to establish whether the conspiracy was in the flow of interstate commerce or substantially affected interstate commerce. They also argue the late production has caused prejudice. The United States argues the additional interstate commerce evidence is relevant to establishing the interstate commerce element. The United States further asserts the Defendants have not identified any prejudice they have suffered. The Court agrees with the United States.

[¶ 11] In an order filed contemporaneously with this Order, the Court concludes the evidence relating to interstate commerce will not be excluded based on the Defendants' arguments. The Defendants claim the evidence does not meet the burden to establish the interstate commerce element of the Sherman Act (15 U.S.C. § 1) conspiracy alleged in the Indictment. The Court concluded such evidence relates to the jurisdiction element of the offense, which is a question for the jury to decide. See Huelsman v. Civic Ctr. Corp., 873 F.2d 1171, 1175 (8th Cir. 1989) (noting "no talismatic test exists to determine the adequacy of the interstate commerce nexus" and the jurisdictional element "must be determined through a case-by-case analysis of the relevant economic facts"). The same analysis applies here. The interstate commerce question is for the jury to decide, not for the Court on a Motion *in Limine*. The Court adopts the analysis from the contemporaneously filed order as it relates to the interstate commerce element under 15 U.S.C. § 1. In addition, the evidence was disclosed in sufficient time for use at trial and the Defendants have not suffered prejudice by this production.

[¶ 12] Accordingly, the Defendants' Motion *in Limine* to exclude additional interstate commerce evidence is **DENIED**.

### III.  Production of the United States' Trial Exhibits

[¶ 13]  The Defendants ask the Court to order the United States to provide copies of exhibits the United States intends to use at trial, as well as the corresponding Bates numbers with those exhibits. The United States asserts it has complied with this request and provided the exhibits to the Defendants on April 18, 2023. The United States also states it "hand-delivered a USB of the stickered exhibits and emailed draft summary exhibits to defense counsel on April 24, 2023." Doc. No. 303, p. 7.

[¶ 14]  Because it appears the United States has provided the requested trial exhibits and Bates numbers, the Defendants' Motion to Order the Government to Produce Trial Exhibits to the Defendants is **MOOT**.

### CONCLUSION

[¶ 15]  For the reasons set forth above, the Defendants' Motion *in Limine* regarding the newly produced evidence and witnesses is **DENIED** and their Motion to Order the Government to Produce Trial Exhibits to the Defendants is **MOOT**.

[¶ 16]  In addition, the Parties shall file proposed redactions to this Order on or before **May 5, 2023**. Their filing must state whether the Parties agree as to each redaction and, if the parties do not agree, provide support for each party's position as to that redaction. The Court will then issue a redacted version of this Order, unless the Court determines no redactions are appropriate, in which case it will unseal this Order.

[¶ 17]  **IT IS SO ORDERED**.

DATED April 28, 2023.

Daniel M. Traynor, District Judge
United States District Court