## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING MOTION TO COMPEL;** |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART MODIFY PROTECTIVE** |
| v. | ) | **ORDER** |
| | ) | |
| Steven Dornsbach and Kamida, | ) | Case No. 22-cr-00048 |
| Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is a Motion to Compel Compliance with Protective Order filed by the United States (Doc. No. 387) and Motion to Modify Protective Order filed by Defendants (Doc. No. 389). The Protective Order limited Defendants' use of certain discovery materials to their defense in this criminal proceeding in this court and prohibited the use of these materials in any other proceeding. For the reasons that follow, the Motion to Compel Compliance with Protective Order is denied and Motion to Modify Protective Order is granted in part and denied in part.

## I.    **BACKGROUND**

On March 9, 2022, a federal grand jury returned an Indictment charging Defendants with one count of conspiracy to restrain trade in violation of the Sherman Act, 15 U.S.C. § 1.  (Doc. No. 1). On March 10, 2022, the United States issued a press release regarding Defendants' charges that was posted on the Department of Justice's website.  (Doc. No. 375-1).

On joint motion by the Parties, the magistrate judge issued a Protection Order on April 12, 2022, that limited Defendants use of certain discovery materials to their criminal proceedings and prohibited the use of these materials in any other proceedings.  (Doc. No. 20).  The Protective Order specifically provided:

"Protected Material" and "Sensitive Protected Material" as defined below shall be held in strict confidentiality and used only in connection with the defense of the charges in this case and for no other purpose.

\* \* \*

1.    "Protected Material" includes all information produced by the parties in this case, except matters of public record, the defendants' own statements, criminal history information, and expert reports. Protected Material shall be held in strict confidentiality by all parties and counsel to this matter and may be used solely for purposes of this litigation.

2.    "Sensitive Protected Material" includes all information produced by the government containing the following sensitive personal identifiers and other sensitive information: social security numbers, taxpayer identification numbers, the date, month, and year of an individual's birth, medical records, financial account numbers, bank account numbers, and tax forms or tax returns. Sensitive Protected Material shall be held in strict confidentiality by all parties and counsel to this matter and may be used solely for purposes of this litigation.

\* \* \*

6.    Use of the Protected Material or Sensitive Protected Material covered by this Protective Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the breaching party to sanctions.

\* \* \*

8.    Any documents or other materials containing Protected Material or Sensitive Protected Material, and all copies of them, must be destroyed or returned to the government within sixty (60) days of the conclusion of this litigation, including appeals. If destroyed, defense counsel shall certify in writing that such Protected Material and Sensitive Protected Material has been destroyed within 60 days of the conclusion of all stages of this case.

(Id.).

On August 31, 2023, Defendants filed a Motion to Dismiss Indictment, or Alternatively, for a Bill of Particulars. (Doc. No. 100). On February 17, 2023, the Court issued an order denying Defendants' motion. (Doc. No. 195).

In the interim, Defendants filed multiple motions seeking to compel the United States to produce its unredacted communications with Clarence Olson ("Olson"), an unindicted co-

conspirator in their case, and/or Olson's counsel. Their motions were precipitated in large part (if not entirely) by their receipt of a written statement and a second/revised written statement made by Olson in correspondence addressed to the sentencing judge in his own case. The United States opposed the motions, asserting that it had previously disclosed the substance of its communications with Olson and his counsel that were covered by <u>Brady</u> to Defendants and disputing an assertion made by Defendants that it had coordinated with Olson's counsel in order to get Olson to issue the second/revised written statement. The court denied Defendants' motions.

This case proceeded to trial on May 1, 2023. At trial, outside the presence of the jury, Olson's now former counsel testified: (1) the United States had called her while she was still representing Olson to advise of an apparent inconsistency between statements Olson made during an interview with investigators and Olson's written statement to the sentencing judge in his case; and (2) she took the call as a suggestion that Olson's written statement to the sentencing judge needed to be revised.

Trial ended on May 10, 2023, with the jury acquitting Defendants. (Doc. No. 343). On May 12, 2023, Court entered Judgments of Acquittal. (Doc. Nos. 351, 352).

On May 15, 2023, Defendants submitted Freedom of Information Act ("FOIA") requests for, among other things, copies of the United States' communications with Olson's counsel. (Doc. No. 391). Department of Justice denied their request within ten days. (Id.). Defendants subsequently filed an administrative appeal.

Meanwhile, on May 16, 2023, the Department of Justice's Office of Public Affairs amended the first page of the March 10, 2022, press release to include the following: "Note: The defendants in this case, Steven Dornsbach and Kamida Inc., were acquitted by a jury of the charges alleged in the indictment described in the press release below." (Doc. No. 375-1).

3

On May 30, 2023, Defendants lodged an ethical complaint with the Department of Justice's Office of Professional Responsibility ("OPR"), regarding, among other things, representations made by the United States to them and the Court prior to trial about their communications with Olson's counsel. (Doc. No. 391). Their complaint was still under review as of October 26, 2023.

On June 30, 2023, Defendants contacted the United States via email with a proposal to extend the Protective Order's sixty day deadline for returning or destroying covered materials. (Doc. No. 387-1). By Defendants' calculation, July 11, 2023, was the return-or-destroy deadline if the litigation concluded on May 12, 2023, with the Court's entry of Judgments of Acquittal. (Id.). Defendants proposed to extend the deadline pending resolution of their FOIA requests, ethics complaint with OPR, and a forthcoming motion for injunctive relief regarding the March 10, 2022, press release. (Id.). In so doing, they expressed their belief that the litigation had not yet concluded given their intent to seek injunctive relief regarding the press release. The United States responded on July 7, 2023, to advise that it would not agree to Defendants' proposal. (Id.).

On July 10, 2023, Defendants filed a Motion for a Permanent Injunction. (Doc. No. 367). They requested that the court order the United States to either remove the March 10, 2022, press release from the Department of Justice's website or issue a new press release regarding their acquittal. (Doc. No. 367). On October 5, 2023, the Court issued an order denying the motion for lack of jurisdiction. (Doc. No. 379).

On October 5, 2023, the United States contacted Defendants to inquire whether they had complied with the Protective Order. (Doc. No. 387-2). Defendants responded that "[t]his litigation has not 'concluded.'" (Id.).

On October 6, 2023, Defendants filed notice of their appeal of the Court's order denying their Motion for a Permanent Injunction to the Eighth Circuit. (Doc. No. X). On October 18, 2023,

they filed an amended notice of appeal to include the Court's denial of their Motion to Dismiss Indictment and rejection of several of their proposed jury instructions at trial.

On November 2, 2023, the United States filed a Motion to Compel Compliance with the Court's Protective Order.  (Doc. No. 387).  It asserts that Defendants failed to comply with the Protective Order insofar as they failed to return or destroy covered material within sixty days of the Court's entry of Judgments of Acquittal.

On November 7, 2023, Defendants filed a combined Motion to Modify the Protective Order and response in opposition to the United States' motion. (Doc. No. 391).  They took the position that the United States' motion was premature, asserting that the Protective Order's deadline to return or destroy Protected Material and Sensitive Protected Material had not yet lapsed given their pending appeal of the Court's denial of their Motion for a Permanent Injunction, Motion to Dismiss Indictment, and proposed jury instructions.  They also request that the Court modify the Protective Order to allow them to retain possession of protected materials pending resolution of their appeal, their ethics complaint filed with OPR, their FOIA request, and "any necessary litigation regarding the improper withholding related to, inter alia, the government's failures in this discovery in this matter."  (Id.).

## II.   **DISCUSSION**

### A.   **Motion to Compel**

As noted above, the Protective Order provides that Defendants will return or destroy covered materials within sixty days of "the conclusion of this litigation, including appeals."  Applying general principles of contract interpretation, the United States take the position that Defendants are speciously relying on their appeal of what amounts to a civil issue–their request for post-acquittal injunctive relief–in an attempt to artificially extend the Protective Order's return-or-destroy

deadline.  Specifically, it asserts: (1) the Protective Order was contemplated and understood by the parties to facilitate the use of covered materials "for the defense of charges in this case;" (2) there can be no appeal of any issues related to "the defense of charges in this case" by virtue of the fact that Defendants have been acquitted; (3) the appeal of the Court's order denying Defendants injunctive relief is unrelated to the "defense of the charges" or "this litigation as contemplated by plain language of the Protective Order;" and (4) Defendants' appeal of the Court's denial of their motion to dismiss the indictment and proposed jury instructions is meritless as the verdict of acquittal bars appellate review of these decisions.

Defendants respond that the United States has misapprehended the Protective Order's terms, that there is no dispute that an appeal is pending, and that the pendency of this appeal renders the United States' motion premature and baseless.  (Doc. No. 391).  They "request their fees in having to respond to the government's motion, which are in excess of $7,500."  (Id.).

The undersigned agrees with the United States that Defendants' motion for post-acquittal injunctive relief and appeal of the Court's order denying said motion are not related to the "defense of the charges" as contemplated by the Protective Order and therefore do not effectively extend the Protective Order's return-or-destroy deadline during their pendency.  Cf. United States v. Hamberg, 294 F. App'x 251 (8th Cir. 2008) (concluding that a defendant's post-judgment motion to set aside the protective order was civil in nature); United States v. Morales, 807 F.3d 717, 721 (5th Cir. 2015) (opining that motions that have civil analogues weighs in favor of the proceedings being civil as opposed to a motions that deal directly with the movant's liberty interest, which are likely to be criminal).  Defendants perhaps anticipated this and filed the amended notice of appeal to include appeals of the Court's interlocutory orders.

The undersigned recognizes that appellate review of interlocutory orders is generally

6

foreclosed following a verdict of acquittal. It is nevertheless confronted with reality that an appeal of the Court's interlocutory orders has been filed by Defendants and remains pending as of the date of this order. Was their appeal timely filed? Was their appeal made in good faith? Does their appeal otherwise have any merit? As much as the undersigned may be tempted to address these questions, the undersigned will defer to the Eighth Circuit.

Because Defendants' appeal of the Court's interlocutory orders is currently pending at the Eighth Circuit, the undersigned finds that this case has yet to conclude for purposes of the Protective Order and that the United States' motion to compel the return or destruction of covered materials is premature. That being said, the undersigned is not presently inclined to award Defendants the fees they claim to have incurred when responding to the United States' motion. First, Defendants have only provided a general estimate as opposed to a specific itemization of the fees they incurred in responding to the United States' motion. In any event, it is unclear how much of this $7,500 is attributable to their response to the United States' motion as opposed to their own motion to modify the terms of the Protective Order Second, the propriety of Defendants' appeal remains an open question. The undersigned shall now turn to Defendants' motion to modify the terms of the Protective Order.

### B.    Motion to Modify

Defendants assert that modification of the Protective Order is necessary in order "to prevent the waste of additional Court and party resources guarding against the government's demands of premature destruction of relevant data." In so doing, they stress that "it is likely" that they "may need to compare" the United States' response to their FOIA request with what it produced during the pendency of this litigation. They also express concern that the United States may destroy or insist they destroy information relevant to their ethics complaint and OPR's review of it. Finally,

they insist that their proposed modification poses no prejudice to the United States.

In response, the United States asserts that Defendants have failed to show good cause to modify the Protective Order to indefinitely extend the deadline to return-or-destroy covered materials while they await the outcome of their ethics complaint and otherwise pursue whatever litigation arising out of their FOIA request they believe to be necessary. It next asserts that the modification sought by Defendant would vitiate the very purpose of the Protective Order, as other courts have recognized when rejecting similar requests. See, e.g., United States v. Calderon, No. 3:15-CR-25 (JCH), 2017 WL 6453344, at *5 (D. Conn. Dec. 1, 2017) (noting that "the purpose of the Protective Order was to limit the defendant's use of discovery materials to his criminal case. Calderon cannot now use those documents in the [FOIA litigation]"); United States v. Evans, No. 17 CR. 684 (ER), 2021 WL 1535054, at *2 (S.D.N.Y. Apr.18, 2021) (denying motion for modification of Protective Order to allow defendant to use criminal discovery in defense of a related civil suit). It further asserts that the present circumstances do not obviate the potential prejudice that could arise from the disclosure of the protected materials, which includes sensitive information from non-parties, outside the criminal process.

Pursuant to Fed. R. Crim. P. 16(d) a court may enter a protective order in a criminal case for "good cause." Although the Eighth Circuit has not articulated a definitive standard for the modification or amendment of a protective order entered in a criminal case, this court retains that power as part of as part of its "inherent authority" over the discovery process. See United States v. Bulger, 283 F.R.D. 46, 52-53 (D. Mass. 2012). This court agrees with the majority of courts which have considered the issue and will apply the "good cause" requirement to Defendants' motion to amend the protective orders, drawing from analogous civil precedent.

"The court has the discretion to modify a protective order." Tama Plastic Indus. v. Pritchett

8

Twine & Net Wrap, LLC, 2014 WL 4825173, at *1 (D. Neb. Sep. 26, 2014); see United States v. Woods, No. 5:17-CR-50010, 2017 WL 11380132, at *2 (W.D. Ark. Nov. 6, 2017) (applying the principles espoused in Tama Plastic Indus, when denying a motion to amend a protective order in a criminal case); see also United States v. Bulger, 283 F.R.D. 46, 53 (D. Mass. 2012) ("This court undeniably has the discretion and the authority to modify or vacate the protective order under Rule 16(d) and/or its inherent power to control the discovery process.").

The undersigned finds Defendants have demonstrated a basis for modifying the protective order, albeit not as extensive a modification as they would like.  To assuage concerns about the destruction of covered materials during the pendency of their ethics complaint and to ensure that Defendants can answer questions regarding discovery if called upon by OPR in the course of its investigation of their ethics complaint, the undersigned shall amend the Protective Order to permit Defendants to retain covered materials during the pendency of their ethics complaint.  However, the undersigned will not amend the Protective Order to permit Defendants to retain covered materials during the pendency of their FOIA request or other civil litigation.   First, Defendants agreed to the Protective Order's terms.  Second, Defendants do not require covered materials to litigate their FOIA request.  Third, there is no presently no other, related civil litigation pending to the undersigned's knowledge.  Fourth,  even if Defendants were allowed to retain possession of protected materials, they have not explicitly sought a modification of the Protective Order to allow for the use of protective materials outside of their criminal case.

## III.   CONCLUSION

The United States' Motion for Compliance with Protective Order (Doc. No. 387) is **DENIED**.  Defendants' Motion to Modify the Protective order (Doc. No. 389) is **GRANTED IN PART AND DENIED IN PART**.  Defendants may retain covered material during the pendency

of their to appeal of the Court's orders to the Eighth circuit and during the pendency of their ethics complaint.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court